Alessandro v Alessandro (2022 NY Slip Op 05583)

Alessandro v Alessandro

2022 NY Slip Op 05583

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Index No. 21692/18E Appeal No. 16336 Case No. 2020-03138 

[*1]Estate of Rocco Alessandro, by Nicolina A. Alessandro, in Her Capacity as the Duly Appointed Administrator, Plaintiff-Appellant,
v
Carmine Alessandro, Defendant-Respondent.

Mavroudis Law, LLC, New York (John M. Mavroudis of counsel), for appellant.
Cerussi & Spring, P.C., White Plains (Richard D. Bentzen of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about May 6, 2020, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court properly concluded that defendant sustained his initial burden of demonstrating that decedent's accident was not caused by defendant's negligence in failing to clear snow and ice from the front stairs of the building he owned, because a storm was in progress. The duty of a landowner to take reasonable measures to remedy a dangerous condition caused by a storm is suspended while the storm is in progress and does not commence until a reasonable time after the storm has ended (see Solazzo v New York City Tr. Auth., 6 NY3d 734, 735 [2005]). Defendant presented certified climatological evidence showing that at the time of the accident, it was raining, drizzling, and misting. The testimony of the witnesses was consistent with that data.
In opposition, plaintiff argued that the snow and ice on the stairs where decedent slipped and fell on January 2, 2017 was left over from a storm that occurred between December 29 and 31, 2016, and that defendant failed to remedy the dangerous condition. However, the climatological records showed that the snowfall between December 29, 2016 and January 1, 2017 was minimal and the temperature was above freezing for most of the period. Additionally, the upstairs tenant testified that at 10:00 p.m. on the night prior to the accident, the stairs were clear and dry. The assertion that decedent slipped on snow and ice left on the stairs from the December 29, 2016 weather event, rather than from the freezing rain that was falling at the time of the accident, is speculative (see Saavedra v City of New York, 137 AD3d 421, 422 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022